Lauriat, J.
The defendant, Victor Vagara (“Vagara”) stands indicted on two charges (001 and 003) of unlawful distribution of heroin in violation of G.L.c. 94C, §32(a), and three charges (002, 004 and 005) of unlawful distribution of heroin in a school zone in violation of G.L.c. 94C, §32J, all arising from his alleged sales of heroin to undercover Boston police officers.
Vagara has now moved, pursuant to G.L.c. 111E, §§10-12, for an order staying these indictments and assigning him to a drug treatment facility in lieu of prosecution, on the ground that he has been found to be a drug-dependent person who would benefit by treatment. Upon consideration of the memoranda filed by the parties and the oral arguments of counsel, the defendant’s motion is denied.
General Laws c. 111E, §10 provides in part that “any person who is charged with a drug offense . . . may request an examination to determine whether or not he is a drug dependent person,” and if he is so determined, then “he may request assignment to a drug treatment facility,... and if he is so assigned the court proceedings shall be stayed for the term of such assignment.” However, by its terms, “the provisions of [§ 10] shall not apply to a person charged with violating sections thirty-two to thirty-two G, inclusive, of chapter ninety-four C of the General Laws.”
In the present case, Vagara is charged with two violations of c. 94C, §32(a). As such, he is disqualified from the application of c. 111E, §10 with respect to those charges. Vagara asserts, however, that since the three remaining charges of distribution of heroin in a school zone in violation of c. 94C, §32J are not covered by the express exclusionary language of c. 111E, §10, he is entitled to the benefit of that statute, and all of the charges against him should be stayed while he is assigned to a drug treatment program. The court disagrees.
While c. 94C, §32J is not expressly excluded from the scope of c. 111E, §10, the court concludes that the Legislature did not intend that a drug-dependent person charged with a violation of that statute should avoid prosecution. First, c. 94C, §32J was enacted in 1989, eight years after the adoption of c. 111E, §10, so that it was not before the Legislature when that body approved the drug dependency treatment legislation. Second, and more important, c. 94C, §32J applies to “[a] person who violates the provisions of section thirty-two [of c. 94C]." Since the predicate offense for a violation of c. 94C, §32J is one which is excluded from the scope of c. 111E, §10, logic compels the conclusion that §32J should also be deemed outside the ambit of that statute. To conclude otherwise would allow a person charged with unlawful drug distribution within a school zone or a public park to avoid or stay his prosecution, while a person charged with the same offense elsewhere could not. Given the clear intent of the Legislature to enhance the criminal penally for dealing drugs in a school zone (the two-year minimum mandatory sentence for a school zone violation begins only after the defendant has completed his sentence for unlawful distribution of the drugs), the conclusion is inescapable that c. 111E, §10 cannot and does not apply to Vagara’ charges in the present case.
Accordingly, Vagara’s Motion for Stay of Proceedings and Assignment is DENIED.